IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY ) <br> COMMISSION, ) <br> ) <br> ) <br> Plaintiff, ) <br> ) <br> ) <br> v. ) <br> ) <br> ) <br> PEDIATRICS 2000, ) <br> Defendant. ) <br> _____ ) | CIVIL ACTION NO. 19 Civ. 9076 <br><br> <u>COMPLAINT</u> <br><br> **JURY TRIAL DEMANDED** |

NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of religion and retaliation and to provide appropriate relief to Charging Party Shekinah Baez, who was adversely affected by such practices. As alleged with greater particularity in Paragraphs 12-14 below, Plaintiff U.S. Equal Employment Opportunity Commission (the "Commission") alleges that Defendant Pediatrics 2000 responded to Baez's reasonable request not to attend a company party with holiday themes and entertainment that conflicted with her religious practices as a Jehovah's Witness by summarily firing her, stating, in writing, "we can't tolerate religious privileges from anyone." The owner and founder of Pediatrics 2000 wrote to Baez, "[I] am sick of all sectarian religious people" and "[I] have nothing to lo[]se by staying away from anyone associate[d] with [J]ehova[h's] [W]itnesses." Pediatrics 2000 thereby discriminated against Baez on the basis of her religion by denying her request for a reasonable religious accommodation and by terminating her employment on account of her religion, and Defendant also retaliated against Baez by

1

terminating her employment in response to her request for a reasonable religious accommodation.

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C.§ 2000e-5(f)(1) and (3) ("Title VII") and pursuant to Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Southern District of New York.

## PARTIES

3. Plaintiff U.S. Equal Employment Opportunity Commission is the agency of the United States of America charged with the administration, interpretation and enforcement of Title VII and is expressly authorized to bring this action by Sections 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1).

4. At all relevant times, Defendant Pediatrics 2000 has continuously been doing business in the State of New York, with two offices in Manhattan. Pediatrics 2000 provides pediatric health services. Pediatrics 2000 has continuously had at least 15 employees.

5. At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce under Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g) and (h).

## ADMINISTRATIVE PROCEDURES

6. More than thirty days prior to the institution of this lawsuit, Charging Party Baez filed a charge with the Commission alleging violations of Title VII by Defendant Pediatrics 2000, and the Commission conducted an investigation of the charge.

7. On July 26, 2019, the Commission issued to Defendant Pediatrics 2000 a Letter of Determination finding reasonable cause to believe that Title VII was violated and inviting Defendant to join with the Commission in informal methods of conciliation to endeavor to eliminate the unlawful employment practices and provide appropriate relief.

8. On July 26, 2019, the Commission also issued a letter outlining the proposed terms of conciliation and allowed Defendant a chance to respond.  Thereafter, the Commission communicated with Defendant Pediatrics 2000 to provide Defendant the opportunity to remedy the discriminatory practices.

9. The Commission was unable to secure from Defendant Pediatrics 2000 a conciliation agreement acceptable to the Commission.

10. On September 5, 2019, the Commission issued to Defendant Pediatrics 2000 a Notice of Failure of Conciliation advising Defendant that the Commission was unable to secure from Defendant a conciliation agreement acceptable to the Commission.

11. All conditions precedent to the institution of this lawsuit have been fulfilled.

## STATEMENT OF CLAIMS

12. Defendant Pediatrics 2000 hired Charging Party Baez in or around the Fall of 2013 as a receptionist and promoted her to administrative assistant in 2016.

13. At all times during her employment, Defendant Pediatrics 2000 was aware of Baez's religion, Jehovah's Witness.

3

14. Since at least September 2018, Defendant engaged in unlawful practices in violation of Section 704 of Title VII, 42 U.S.C. § 2000(e)-2 and § 2000(e)-3.

   a. Even before September 2018, Defendant harassed and discriminated against Baez on account of her religion throughout her employment at Pediatrics 2000.

      i. From approximately late 2013 through 2016, Baez's supervisor made fun of the religious practices of Jehovah's Witnesses on multiple occasions. When Baez complained about this behavior to a higher-level supervisor, she was told the conduct was "tough love" and no action was taken.

      ii. Baez accepted her job at Defendant Pediatrics 2000 and a 2016 promotion on the condition that she not work on Wednesdays to accommodate her religious practices on that day. Despite being aware of this religious accommodation, on September 11, 2017, Defendant's Business Manager and two other supervisors issued Baez a performance evaluation that rated her attendance "not effective" specifically because she did not work on Wednesdays, the day of her religious accommodation, and they placed her on a 90-day probationary period.

   b. On multiple occasions throughout Baez's employment, Dr. Juan Tapia-Mendoza, the owner and founder of Defendant Pediatrics 2000, referred to Baez's religion as a "cult."

   c. In or around September 2018, Dr. Tapia-Mendoza tasked Baez with planning a company party to be held in December. He repeatedly told her that he wanted her to attend and that it would not be a holiday party, which would conflict with her religion. Pediatrics 2000 was aware that it would be a violation of Baez's

4

religious practices to attend a holiday party, such as a Christmas or New Year's party, or to attend a party with revelry such as immoderate drinking or dancing.

d. Several employees informed Defendant Pediatrics 2000 that they would not be attending the company party, which was scheduled on a weekend, for reasons unrelated to religion. Defendant had no objection to and did not discipline these employees for declining the party invitation.

e. While planning the party, it became increasingly clear to Baez that the event would have holiday-themed decorations and entertainment that would make it inappropriate for her to attend. For example, another employee helping to plan the party insisted on having New Year's-themed decorations. Coworkers and the caterer referred to the party as a holiday or Christmas party. The caterer also informed Baez that Dr. Tapia-Mendoza had requested "hora loca" or "crazy hour" dancers, who would wear sexy Carnival-type outfits and encourage everyone to dance and party.

f. On or around December 4, 2018, Baez requested the reasonable religious accommodation of being excused from attending the company party. She wrote to Dr. Tapia-Mendoza, "I am asking you to please respect my option to not attend because I do not feel comfortable if it has a holiday theme. . . . I'll continue to make sure the party is planned well and goes well so that everyone can have a nice time. I won't be coming, I really hope you understand why."

g. In response to Baez's request for a religious accommodation and because of her religion (Jehovah's Witness), Dr. Tapia-Mendoza denied her accommodation request and immediately terminated her employment, writing, "I really hope that

5

    you also understand why this is your last day of employment.[] [W]e can't tolerate *religious* privileges from anyone" (emphasis added).

h. Dr. Tapia-Mendoza further wrote to Baez the following day, "[I] am sick of all sectarian religious people . . . and politely ask them to stay away from me for as long as [I] live. . . . [I] have nothing to lo[]se by staying away from anyone associate[d] with [J]ehova[h's] [W]itnesses."

i. Defendant's decisions to deny Baez's request for a religious accommodation and terminate her employment were motivated by discriminatory animus against her religion.

j. Defendant terminated Baez's employment in retaliation for her request for a religious accommodation.

k. Prior to Baez's termination, she performed her duties satisfactorily. In fact, shortly before her termination, one of Baez's supervisors told her she was being considered for a promotion and a raise. Another supervisor completed a written evaluation, dated November 30, 2018, rating Baez "Outstanding" or "Exceeds Expectations" (the highest possible ratings) in every category and confirming that Baez would be promoted to a case management role in January 2019. She also wrote Baez a reference letter, dated December 5, 2018, stating that Baez "has excellent communication skills, is very professional, motivated, and hardworking," "shows great interest in her job responsibilities and possesses exceptional interpersonal skills," and was "commit[ted] to self-growth" which "will translate into an excellent performance."

15. The effect of the practices complained of in Paragraphs 12-14 above has been to deprive Baez of equal employment opportunities and otherwise adversely affect her status as an employee because of her religion and her request for a religious accommodation.

16. The unlawful employment practices complained of in Paragraphs 12-14 above were intentional.

17. The unlawful employment practices complained of in Paragraphs 12-14 above were done with malice or with reckless indifference to the federally protected rights of Baez.

18. The effects of the practices complained of in Paragraphs 12-14 have been to inflict emotional pain, suffering, and inconvenience upon Baez and deprive her of the financial and other benefits of working for Defendant.

<u>PRAYER FOR RELIEF</u>

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant, its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with it, from engaging in religious discrimination against employees by denying reasonable requests for religious accommodation; retaliating against employees for making such requests; or firing employees on account of their religion.

B. Order Defendant to institute and carry out policies, practices, and programs which provide equal employment opportunities for Jehovah's Witnesses and which eradicate the effects of its past and present unlawful employment practices.

C. Order Defendant to make Baez whole, by providing appropriate backpay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary

to eradicate the effects of its unlawful employment practices, including but not limited to front pay, reinstatement, and promotion of Baez.

  D. Order Defendant to make Baez whole by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described in Paragraphs 12-14 above, including medical expenses, in amounts to be determined at trial.

  E. Order Defendant to make Baez whole by providing compensation for past and future nonpecuniary losses resulting from the unlawful practices complained of in Paragraphs 12-14 above, including emotional pain, suffering, inconvenience, anxiety, stress, mental anguish, and other nonpecuniary losses, in amounts to be determined at trial.

  F. Order Defendant to pay Baez punitive damages for its malicious and reckless conduct, as described in Paragraphs 12-14 above, in amounts to be determined at trial.

  G. Grant such further relief as the Court deems necessary and proper in the public interest.

  H. Award the Commission its costs of this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.

Dated: September 30, 2019
   New York, New York

            SHARON FAST GUSTAFSON
            General Counsel

            JAMES L. LEE
            Deputy General Counsel

            GWENDOLYN YOUNG REAMS
            Associate General Counsel

U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
131 M Street, N.E.
Washington, D.C. 20507

JEFFREY BURSTEIN
Regional Attorney

RAECHEL ADAMS
Supervisory Trial Attorney

/s/ Liane T. Rice
LIANE T. RICE (NY ID #4781993)
Trial Attorney


U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
New York District Office
33 Whitehall Street, 5th Floor
New York, NY 10004-2112
(212) 336-3690 (telephone)
(212) 336-3623 (fax)
liane.rice@eeoc.gov