IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>*Plaintiff*,<br><br>v.<br><br>PEDIATRICS 2000,<br><br>*Defendants*. | Civil Action No. 1:19-cv-09076 |

## ANSWER AND SEPARATE DEFENSES

Defendant Pediatrics 2000, having offices at 3332 Broadway, New York, New York 10031, by way of answer to the Complaint of plaintiff Equal Employment Opportunity Commission ("plaintiff" or the "Commission"), deposes and says as follows:

### NATURE OF THE ACTION

With respect to the allegations contained in the Introductory Paragraph of the Complaint, defendant states that: (a) the Complaint speaks for itself, but denies any inference of wrongdoing or liability; (b) the party at issue was deliberately devoid of any religious trappings, specifically to accommodate the employee in question; (c) defendant made legitimate, good-faith efforts to remove all religious trappings from the party and that it was a tasteful and secular event; (d) it has always accommodated its employees' religious practices and beliefs, including those of Shakinah Baez; (e) the electronic communications quoted in the Complaint speak for themselves and must be viewed against the totality of the circumstances, which permit no inference of religious discrimination.

## JURISDICTION AND VENUE

1. Because the allegations contained in Paragraph 1 speak for themselves and assert a conclusion of law, defendant makes no response thereto, except to deny any inference of liability or other wrongdoing.

2. Except to state that its employment relationship with Ms. Baez was based in New York City, defendant denies the allegations contained in Paragraph 2.

## THE PARTIES

3. Because the allegations contained in Paragraph 3 speak for themselves and assert a conclusion of law, defendant makes no response thereto, except to deny any inference of liability.

4. Defendant admits the allegations contained in Paragraph 4.

5. Because the allegations contained in Paragraph 5 speak for themselves and assert a conclusion of law, defendant makes no response thereto, except to deny any inference of liability

6. Upon information and belief, defendant admits that Ms. Baez filed the Charge in question, but states that the Charge speaks for itself and denies any inference of liability.

7. Except to state that the Letter of Determination speaks for itself (and will not be relevant or admissible in this action), defendant denies the allegations those contained in Paragraph 7 which allege that it violated Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§ 2000e to -2000e(16).

8. Except to state that the Letter of Determination speaks for itself, defendant states that the Equal Employment Opportunity Commission (the "Commission") negotiated in bad faith, made no significant conciliation efforts, and rushed this matter to suit, all in violation of its statutory obligations.

9. Except to admit that the Commission failed to achieve a resolution of the issues presented, defendant denies the allegations contained in Paragraph 9.

10. Except to state that the Notice of Failure of Conciliation speaks for itself and was issued in bad faith, defendant denies the allegations contained in Paragraph 10.

11. Defendant denies the allegations contained in Paragraph 11.

## STATEMENT OF CLAIMS

12. Except to state that defendant hired Ms. Baez in 2012 and that she was merely assigned new duties and given a different job title, defendant admits the allegations contained in Paragraph 12.

13. Except to add that it hired Ms. Baez knowing that she professed to be a Jehovah's Witness, defendant admits the allegations contained in Paragraph 13.

14. With respect to the allegations contained in Paragraph 14, defendant states that: (a) it reasonably and justifiably found that Ms. Baez's performance was unacceptable in numerous respects; (b) it placed her on probation for legitimate and substantial reasons; (c) it excused her from working on Wednesdays, as a good-faith accommodation of her religious practices (and granted her additional leave as well); (d) despite allowing her to take Wednesdays off (with pay), no rule, reported case, or statute required defendant to accommodate her in this manner, but defendant did so nonetheless; (f) she had said she would attend the party in question, which was secular in all respects; (g) to accommodate her religious views, defendant made certain that the party was devoid of all religious trappings and holiday themes, and that it was strictly a secular event; (h) she never expressly stated that attending the party would conflict with her religious views; (i) Dr. Juan Tapia-Mendoza made the statements in question after discharging plaintiff, but notes that the message in question was unartfully worded and did not reflect his true intentions, as

evidenced by the fact that he hired Ms. Baez despite knowing that she was a Jehovah's Witness, that he had allowed her to take paid leave for religious purposes for an extended interval, and that his medical practice employs numerous employees of diverse religious backgrounds, including at least one additional Jehovah's Witness, who remains employed by defendant; (j) it denies any allegation of religious discrimination, whether in the case of Ms. Baez or that of any other employee; (k) Ms. Baez manifested bias against Dr. Tapia-Mendoza because he was not a Jehovah's Witness, which led to personal friction between them for that reason; (l) it denies that Ms. Baez performed her duties satisfactorily; and (m) the November 30, 2018 evaluation was an inaccurate, unauthorized, and postdated document that was prepared by a lower-level supervisor, without defendant's knowledge or consent.

15. Defendant denies the material allegations contained in Paragraph 15.

16. Defendant denies the material allegations contained in Paragraph 16.

17. Defendant denies the material allegations contained in Paragraph 17.

18. Defendant denies the material allegations contained in Paragraph 18.

## SEPARATE DEFENSES

### FIRST SEPARATE DEFENSE

The Complaint fails to state a cause of action for which relief can be granted.

### SECOND SEPARATE DEFENSE

Shekinah Baez has failed to avoid or mitigate her alleged damages.

### THIRD SEPARATE DEFENSE

Plaintiff lacks clean hands and must therefore be denied any remedy in this matter.

## **FOURTH SEPARATE DEFENSE**

Any further accommodation sought by plaintiff in these circumstances would have put defendant to undue hardship.

## **FIFTH SEPARATE DEFENSE**

Pediatrics 2000 discharged plaintiff for legitimate, non-retaliatory reasons.

## **SIXTH SEPARATE DEFENSE**

Pediatrics 2000 has always made legitimate, good-faith efforts to accommodate the religious beliefs and practices of its employees, including but not limited to those of Ms. Baez.

## **SEVENTH SEPARATE DEFENSE**

Some or substantially all of the relief demanded in the Complaint is barred by operation of the doctrine of after-acquired evidence.

## **EIGHTH SEPARATE DEFENSE**

Plaintiff's right to damages under Title VII would be subject to the statutory damage caps found at 42 U.S.C. § 1981a.

## **NINTH SEPARATE DEFENSE**

Plaintiff may not recover punitive damages under Title VII because Kessler made reasonable, good-faith attempts to comply with its legal obligations at all times relevant hereto and did not violate the rights of Ms. Baez or any of its other employees.

## **TENTH SEPARATE DEFENSE**

Plaintiff reserves the right to supplement its defenses as discovery or further investigation may warrant.

WHEREFORE, defendant Pediatrics 2000 respectfully demands judgment dismissing the Complaint and awarding it reasonable attorneys' fees, costs of suit, and such other relief as the Court may deem just and equitable.

>Respectfully submitted,
>
>GORDON REES SCULLY MANSUKHANI LLP
>*Attorneys for Defendant Pediatrics 2000.*
>
>By: *s/Douglas E. Motzenbecker*
>Douglas E. Motzenbecker
>dmotzenbecker@grsm.com
>One Battery Park Plaza - 28th Floor
>New York, New York 10004
>1-212-269-5500
>1-973-549-2514 (direct)
>1-973-377-1911 (facsimile)

DATED: December 11, 2019