IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, <br><br> Plaintiff, <br><br> v. <br><br> PEDIATRICS 2000, <br>           Defendant. | ) <br> ) <br> ) <br> )    No. 19 Civ. 9076 (ER) (JLC) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

# **CONSENT DECREE**

On September 30, 2019, Plaintiff U.S. Equal Employment Opportunity Commission ("EEOC" or the "Commission") brought this action against Defendant Pediatrics 2000 under Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991 (collectively, "Title VII") to correct alleged unlawful employment practices on the basis of religion and retaliation and to provide appropriate relief to Shekinah Baez who affected by such unlawful practices (the "Litigation"). According to the Complaint in this matter, Defendant discriminated against Baez on the basis of her religion by denying her request for a reasonable religious accommodation and by terminating her employment on account of her religion, and that it additionally retaliated against Baez by terminating her employment in response to her request for a reasonable religious accommodation.

In consideration of the mutual promises of each Party to this Consent Decree (the "Decree"), the sufficiency of which is hereby acknowledged, it is agreed and IT IS ORDERED, ADJUDGED, AND DECREED AS FOLLOWS:

1

**PART I        GENERAL PROVISIONS**

**Section 101   Purpose of this Decree**

      A.     EEOC and Defendant (collectively, the "Parties") desire to settle this action, and therefore do hereby stipulate and consent to entry of this Decree as final and binding between the Parties, including Defendant's successors, assigns, subsidiaries, and any other entity with which Defendant may merge or consolidate.  Defendant has denied, and continues to deny, the material allegations of the Complaint in this matter and has entered into this Consent Decree strictly to avoid the burden, expense, and time necessary to litigate the matter.

      B.     The Decree resolves all claims asserted in EEOC's Complaint in the Litigation and the underlying EEOC Charge of Discrimination No. 520-2019-01035, which served as the statutory precondition to filing suit.  This Decree in no way affects EEOC's right to process any pending or future charges that may have been or will be filed against Defendant, or to commence civil actions on any such charges.

      C.     EEOC and Defendant agree that this Court has jurisdiction over the subject matter of the Litigation and the Parties, that venue is proper, and that all administrative prerequisites have been met.  No Party will contest the validity of this Decree or the jurisdiction of the federal district court to enforce this Decree and its terms.

      D.     The terms of this Decree represent the full and complete agreement of the Parties. The Parties agree that this Decree may be entered into without Findings of Fact and Conclusions of Law being made and entered by the Court.

**Section 102   Definitions**

      A.     **Days.**  All time periods counted in days refer to calendar days, not business days.

B.      **Effective Date.**  The "Effective Date" is the date this Decree is docketed by the Clerk of the Court after it is signed by and/or so ordered by the Court.

**Section 103    Term of the Decree**

The Decree will remain in effect for a period of four (4) years from the Effective Date ("Term").  The Decree will not expire against any signatory while any enforcement action is pending against that signatory.

**Section 104    Applicability of Decree to Successors and Assigns or Upon Purchase, Merger or Consolidation**

A.      The terms of this Decree are and shall be binding on the present and future directors, officers, managers, agents, successors, and assigns of Defendant.

B.      Before Defendant engages in any transfer of its business or its assets, it shall provide written notice of this lawsuit and a copy of the Complaint and this Decree to any potential purchaser of its business or assets, and to any potential successors, assigns, or affiliates, including any entity with which Defendant may merge or consolidate.  Defendant will provide written notice to EEOC twenty-one (21) days before any sale or transfer of its business or assets, or a transfer of substantially all of its business or assets.

**Section 105    Amendments to this Decree**

By mutual consent of the Parties, this Decree may be amended in the interests of justice and fairness and to facilitate execution of this Decree's provisions.  No waiver, modification, or amendment of any provision of this Decree will be effective unless made in writing, approved by all Parties to this Decree, and approved or ordered by the Court.

**Section 106    Severability**

If one or more provisions of this Decree are rendered unlawful or unenforceable as a result of a legislative act or a decision by a court of competent jurisdiction, the following will

apply to ensure that this Decree continues to effectuate the intent of the Parties. The provisions of this Decree which are not rendered unlawful, unenforceable, or incapable of performance as a result of such legislative act or court decision will remain in full force and effect and the Parties' responsibilities will not abate as to any and all provisions that have not been rendered unlawful or unenforceable, except to the extent that the intent of the Parties as expressed in this Decree would be undermined.

**Section 107    Breach of Decree**

A breach of any term of this Decree by Defendant will be deemed a material and substantive breach of this Decree. Nothing in this Decree will be construed to preclude EEOC from bringing proceedings to enforce this Decree if Defendant fails to perform any of the terms contained herein. This Decree will be construed by this Court under applicable federal law.

**Section 108    Notices**

Except as otherwise provided for in this Decree, all notifications, reports, and communications to the Parties required under this Decree will be made in writing and will be sufficient as emailed, hand-delivered, or sent by certified, registered, or overnight mail to the following persons (or their designated successors):

>   For EEOC:           Liane Tai Rice
>                       Trial Attorney
>                       U.S. Equal Employment Opportunity Commission
>                       33 Whitehall St., 5th Floor
>                       New York, NY 10004
>                       Email: liane.rice@eeoc.gov
>
>                       and decreemonitor.nydo@eeoc.gov
>
>   For Defendant:      Mr. Hugo Martinez
>                       PEDIATRICS 2000
>                       3332 Broadway
>                       New York, New York 10031
>                       Email: staff@pediatrics2000.com

>1-212-619-2149
>
>- and –
>
>Douglas E. Motzenbecker, Esq.
>GORDON & REES LLP
>18 Columbia Turnpike - Suite 220
>Florham Park, New Jersey 07932
>Email: dmotzenbecker@grsm.com
>1-973-549-2500 (main)
>1-973-549=2514 (direct)
>1-862-432-2678 (cell/text)

Any Party may change such addresses by written notice to the other Parties setting forth a new address for this purpose.

**PART II       INJUNCTIVE RELIEF**

**Section 201   Injunctions**

    A.    Defendant, its managers, officers, agents, and any other person or entity acting on behalf of Defendant, are hereby enjoined from refusing to provide a reasonable religious accommodation to their employees, including excusing employees from social events that conflict with their religious principles, and from terminating employees based on their religion or request for religious accommodation.

    B.    Defendant, its managers, officers, agents and any other person or entity acting on behalf of Defendant, are hereby enjoined from retaliating against any employee, including former employees, for asserting his or her rights under Title VII or otherwise engaging in protected activity, including by:

        1.    retaliating against Baez or any employee who complains of discrimination, opposes practices he or she consider to be unlawfully discriminatory, files a charge of discrimination, complains about or reports discrimination or

>
> retaliation, provides testimony or assistance with a complaint of discrimination or retaliation; or
>
> 2. providing a negative review of an employee's job performance or a negative or unflattering job reference to an outside employer or other third party because the employee engaged in a protected activity.

**Section 202    Non-Discrimination Policy and Complaint Procedure**

A. Within thirty (30) days of the Effective Date, Defendant will adopt anti-discrimination policies and complaint procedures ("Policies and Procedures"), a final copy of which was provided to EEOC prior to the finalization of this Decree, setting forth Defendant's commitment to equal opportunity in all aspects of employment and, at a minimum, containing the following:

> 1. a detailed explanation of the prohibition against religious discrimination and retaliation;
>
> 2. the assurance that Defendant will not retaliate against employees who complain of discrimination prohibited by Title VII, who oppose practices they consider to be unlawfully discriminatory, and/or who participate in protected activity or who provide information related to complaints of discrimination;
>
> 3. a clearly described complaint process that provides accessible avenues of complaint with a number of choices of individuals to whom complaints can be made, including persons outside the employee's chain of command and the Equal Employment Opportunity Coordinators;

4. the assurance that Defendant will accept any and all complaints from employees who wish to file complaints internally;

5. the assurance that the filing of anonymous complaints is permitted and include safeguards to preserve the anonymity when requested by a complainant;

6. the assurance that Defendant will keep confidential and not publicize unnecessarily the subject matter of the complaints or the identity of the complainants, except to the extent reasonably necessary to the fair and thorough investigation of the complaint in question;

7. a process that provides a prompt, thorough, and effective investigation, including interviewing complainant and all witnesses and obtaining and reviewing all material documents identified by the complainant or respondent to the extent necessary to reach a reasonable conclusion concerning the allegations;

8. a requirement that all aspects of an investigation be thoroughly documented in written form;

9. assurance that upon completion of an investigation into a discrimination complaint, the complainant and the respondent will promptly receive a summary of the conclusions reached as a result of the investigation;

10. the assurance that Defendant will take prompt and appropriate corrective action when it determines that discrimination has occurred;

11. an explanation of employees' rights to reasonable workplace accommodations under Title VII of the Civil Rights Act of 1964 (based on

religion, as well as pregnancy, childbirth, and related medical conditions) and the Americans with Disabilities Act;

12. a clearly described process for requesting workplace accommodations, including religious accommodations, wherein such requests are provided to the Equal Employment Opportunity Coordinators;

13. the assurance that Defendant will not retaliate against employees who request workplace accommodations; and

14. a process that provides prompt and fair consideration of workplace accommodation requests, including the provision of a written decision for any denial, in whole or in part, of a workplace accommodation request.

B. Within thirty (30) days of the Effective Date, Defendant will issue its Policies and Procedures to all employees. Defendant will provide its Policies and Procedures to all new employees within thirty (30) days of hire.

C. Within thirty (30) days of the Effective Date, Defendant will include its Policies and Procedures in its Employee Handbook and will make this document available on any intra-company website that makes other human resources information or policies available to employees, if Defendant maintains such a website.

D. References to the Policies and Procedures in this Decree are not a representation by EEOC that Defendant has been or currently is in compliance with federal anti-discrimination laws.

**Section 203    Equal Employment Opportunity Coordinators**

A. Within thirty (30) days of the Effective Date, Defendant will appoint two Equal Employment Opportunity (EEO) Coordinators, who will include Hugo Martinez and Maxine

Nicholas, an attorney of the firm of Gordon & Rees LLP. Mr. Martinez and Ms. Nicholas will serve as co-EEO Coordinators. If Mr. Martinez, Ms. Nicholas, or both, are no longer able to serve as EEO Coordinator(s), a representative of Pediatrics 2000 and Gordon & Rees LLP will promptly so advise the EEOC and identify alternate proposed Coordinator(s), who may serve with the EEOC's prior written approval. At all times, Pediatrics 2000 must have at least one EEO Coordinator who has obtained (1) a bachelor's degree or higher in a Human Resources related field or at least five years' experience as a Human Resources professional, and (2) at least thirty hours of training specific to equal employment opportunity issues, including federal anti-discrimination law and appropriate investigation practices and techniques. EEOC will also consider equivalent qualifications, such as the practice of employment law. Defendant may not appoint Dr. Juan Tapia-Mendoza as an EEO Coordinator.

  B. The EEO Coordinators shall have day-to-day responsibility for:

    1. promoting Defendant's compliance with this Decree, anti-discrimination laws, and Defendant's Policies and Procedures;

    2. receiving, investigating, and resolving reports, complaints, and allegations of discrimination or retaliation in violation of Title VII; ensuring that such reports, complaints, and allegations are investigated and resolved in a manner that complies with federal anti-discrimination law and this Decree; and providing appropriate remedial relief to employees who are found to have been subjected to discrimination or retaliation;

    3. receiving, processing, and resolving requests for workplace accommodations; ensuring that such requests are received, processed, and resolved in a manner that complies with federal anti-discrimination law

9

Case 1:19-cv-09076-ER-JLC   Document 26   Filed 06/30/20   Page 10 of 20

and this Decree; and providing appropriate remedial relief to employees who are found to have been wrongly denied a workplace accommodation;

4. arranging for all training of employees as required by this Decree;

5. ensuring that all notices and postings required by this Decree are issued and maintained as required by this Decree;

6. maintaining records required by anti-discrimination laws and this Decree, and providing reports and records to EEOC as required by this Decree; and

7. attending training on no less than an annual basis and taking other steps, such as membership in professional organizations, to keep abreast of developments in federal anti-discrimination laws.

C. Within thirty (30) days of the Effective Date, Hugo Martinez will receive training specific to his duties as the EEO Coordinator consisting of (1) interactive webinars offered by Traliant titled New York Managers, Avoiding Retaliation, Bystander Intervention, Fair Labor Standards Act, HR Compliance Essentials for Managers, Interview Compliance & Fair Interviews, Unconscious Bias, Workplace Diversity, Inclusion & Sensitivity, Code of Conduct – Essentials, Family Medical Leave Act, Americans with Disabilities Act, Microaggressions in the Workplace, and The Traliant Sparks, and (2) webinars offered by The HR Training Center titled How To Conduct Employee Relations Investigations and How to Conduct a Reasonable Accommodations Discussion, or, if any of these webinars are unavailable, equivalent training approved by EEOC.

D. Defendant will give its full cooperation to the EEO Coordinators in the performance of the EEO Coordinators' responsibilities under this Decree and will pay all costs,

10

fees, and expenses of the EEO Coordinators related to the performance of the EEO Coordinators' responsibilities under this Decree, including the cost of training. Defendant will give the EEO Coordinators full access to its officers, managers, supervisors, employees, vendors, contractors, documents, records, and electronic systems related to the EEO Coordinators' responsibilities under this Decree, except with respect to communications subject to the attorney-client privilege. If an EEO Coordinator is also an attorney, that individual's actions taken in the role of EEO Coordinator are not subject to attorney-client or attorney work product privilege. Defendant and its officers, managers, and supervisors will immediately inform the EEO Coordinators of all complaints, allegations, or suspected incidents of discrimination or retaliation, and all requests for workplace accommodations, whether written or oral.

**Section 204   Training**

A.   Within thirty (30) days of the Effective Date and then on an annual basis throughout the Term, Defendant will provide all of its owners, executives, supervisory employees, the EEO Coordinators, and persons having human resources responsibilities with no fewer than two (2) hours of training, in person or by live (not pre-recorded) videoconference, on laws prohibiting employment discrimination, including but not limited to Title VII, the Age Discrimination in Employment Act, the Americans with Disabilities Act, the Equal Pay Act, and the Genetic Information Nondiscrimination Act. The training will have interactive components, as well as a question and answer period. The training will cover Defendant's policies and procedures prohibiting discrimination and retaliation, its complaint and investigation procedures, and its disciplinary policy for employees who engage in discriminatory or retaliatory behavior. The training will also cover Defendant's policies and procedures concerning workplace accommodations, including how such accommodations are requested, processed, and

implemented.  The training will include examples of unlawful conduct.  The training will instruct attendees that if they learn of or see possible incidents of discrimination or retaliation, or are informed of a workplace accommodation request, they are required to immediately report it to the EEO Coordinators.  The training will acknowledge employees' rights to file complaints with EEOC and state or local agencies, and will have a special emphasis on laws prohibiting religious discrimination, laws requiring workplace accommodations on account of religion, and laws prohibiting retaliation.  The training will address religious bias and emphasize that such bias may not be used as a basis for employment decisions.  The training will further emphasize that Defendant's owners, executives, supervisory employees, the EEO Coordinators, and persons having human resources responsibilities must set the tone for enforcement of Defendant's policies and procedures concerning discrimination, retaliation, and workplace accommodations, and that they must be especially careful not to engage in discrimination or retaliation.  The training will confirm that Defendant has a zero tolerance policy for such conduct, and that employees who engage in discrimination or retaliation will be disciplined.  Defendant will provide this training to all new owners, executives, supervisory employees, EEO Coordinators, and persons having human resources responsibilities within thirty (30) days of that individual's hire, appointment, and/or assumption of managerial or supervisory responsibilities.

      B.      Within thirty (30) days of the Effective Date and then on an annual basis throughout the Term, Defendant will provide all of its non-supervisory employees with no fewer than two (2) hours of training, in person or by live (not pre-recorded) videoconference, on laws prohibiting employment discrimination, including but not limited to Title VII, the Age Discrimination in Employment Act, the Americans with Disabilities Act, the Equal Pay Act, and the Genetic Information Nondiscrimination Act.  The training will: (1) have interactive

components, as well as a question and answer period; (2) cover Defendant's policies and procedures prohibiting discrimination and retaliation, its complaint and investigation procedures, and its disciplinary policy for employees who engage in discriminatory or retaliatory behavior; (3) also cover Defendant's policies and procedures concerning workplace accommodations, including how such accommodations are requested, processed, and implemented; (4) include examples of unlawful conduct; (5) identify the EEO Coordinators, explain the responsibilities of the EEO Coordinators, and include the contact information for the EEO Coordinators; (6) acknowledge employees' rights to file complaints with EEOC and state or local agencies; (7) have a special emphasis on laws prohibiting religious discrimination, laws requiring workplace accommodations on account of religion, and laws prohibiting retaliation; (8) address religious bias and emphasize that such bias may not be used as a basis for employment decisions; and (9) confirm that Defendant has a zero tolerance policy for discrimination and retaliation, and that employees who engage in discrimination or retaliation will be disciplined. Defendant will provide this training to all new non-supervisory employees within thirty (30) days of that individual's hire or appointment.

  C. The training programs required by this Section will be conducted by Maxine Nicholas, Esq. of Gordon & Rees LLP, who was not litigation counsel in this matter. Defendant has provided the training agendas, training materials, and curriculum vitae of the trainer to EEOC prior to the finalization of this Decree. At least fourteen (14) days prior to any scheduled training under this Section, Defendant will provide EEOC with copies of any revisions to the training agendas, training materials, or trainers (including their curriculum vitae).

  D. At least fourteen (14) days prior to any scheduled training under this Section, Defendant will provide EEOC notice of the date, time, and location of the scheduled training.

EEOC may, at its discretion, attend and observe one or more of the training sessions and may provide recommendations to be implemented by the trainer.

E.     Defendant will maintain documentation regarding all trainings provided under this Section, including copies of the training agendas, training materials, the curriculum vitae of the trainer(s), and signed attendance lists identifying the date of each training and the name and job title of all attendees.

F.     Reference to the training in this Decree is not a representation by EEOC that Defendant has been or currently is in compliance with federal anti-discrimination laws.

**Section 205    Notice of Resolution**

Within thirty (30) days of the Effective Date, Defendant will conspicuously post and maintain a "Notice of Lawsuit and Resolution" (attached as Exhibit A) in all prominent places where employee notices are posted, in each location of Defendant's business.  This Notice will remain posted for the Term of the Decree.

**Section 206    EEO Posters**

Defendant will post and maintain EEO posters in places visually accessible to job applicants and employees as required by federal regulations.

**Section 207    Monitoring and Reporting**

A.     EEOC may monitor Defendant's compliance with the Decree through inspection of Defendant's premises and records, and interviews with employees upon reasonable notice, unless EEOC determines that there is a threat of immediate harm to the public interest. Defendant will make available for inspection and copying any records related to this Decree upon request by EEOC.

B.      Within forty-five (45) days of the Effective Date, Defendant will provide to EEOC the written certification by a person with personal knowledge that Defendant has complied with Section 202 (Non-Discrimination Policy and Complaint Procedure), Section 203 (Equal Employment Opportunity Coordinators), Section 205 (Notice of Resolution), and Section 206 (EEO Posters) of the Decree.

C.      Within sixty (60) days of the Effective Date, Defendant will provide to EEOC the written certification by a person with personal knowledge that Defendant has complied with Section 204 (Training) of the Decree and will provide copies of the training agendas, training materials, curriculum vitae of the trainer(s), and signed attendance lists as described in that section. Defendant will identify, by full name and title, any individual who did not receive training as required by Section 204 (Training).

D.      Every six (6) months following the Effective Date, Defendant will provide to EEOC the written certification by a person with personal knowledge that Defendant has continued to comply with Section 202 (Non-Discrimination Policy and Complaint Procedure), Section 203 (Equal Employment Opportunity Coordinators), Section 204 (Training), Section 205 (Notice of Resolution), and Section 206 (EEO Posters) of the Decree. In addition, Defendant will provide copies of the training agendas, training materials, curriculum vitae of the trainer(s), and signed attendance lists as described in Section 204 (Training) for all trainings provided during the prior six months. Defendant will identify, by full name and title, any individual who did not receive training as required by Section 204 (Training).

E.      Every six (6) months following the Effective Date, Defendant will provide a written report to EEOC identifying any verbal or written complaints of religious discrimination or retaliation from employees or job applicants, which were received, pending or closed during

the prior six months.  The report will include (1) the full name and job title of the complainant, (2) the full name and job title of the alleged harasser(s) or discriminator(s), (3) the date of the complaint, (4) a description of the complaint, (5) a description of the steps taken by Defendant to investigate the complaint, and (6) the findings of the investigation and any remedial action taken by Defendant, including the identification, by full name and job title, of all decisionmakers.

F. Every six (6) months following the Effective Date, Defendant will provide a written report to EEOC identifying any verbal or written request for workplace religious accommodations made by employees or job applicants, which were received, pending or closed during the prior six months.  The report will include (1) the full name and job title of the person requesting the accommodation, (2) the date of the request, (3) a description of the request, and (4) whether the request was granted or denied and, if it was denied, an explanation of why it was denied and identification, by full name and job title, of all decisionmakers.

**Section 209    Record Retention**

A. Defendant will maintain such records as are necessary to demonstrate its compliance with the Decree and 29 C.F.R. § 1602 *et seq.*, and to verify that the certifications submitted pursuant to the Decree are accurate.

B. For the Term and for three (3) years following the Term, Defendant will maintain all records relating to (1) complaints of discrimination or retaliation, including but not limited to the investigation and remediation of such complaints, and (2) requests for workplace accommodations, including but not limited to the processing and implementation of such requests.

**Section 210    References for Claimant**

Defendant, including its owners, executives, and supervisory employees, agree to not make any statement to any third-party concerning Baez's employment with Defendant, except that if contacted for a job reference, Hugo Martinez (or, if he is no longer employed by Defendant, the EEO Coordinator), will provide the following information, and no other statement: (1) confirmation of Charging Party's dates of employment and job title and (2) if asked, confirmation that Charging Party received a reference letter dated December 5, 2018. However, Defendant disputes the circumstances under which the letter was issued.

**PART III    MONETARY RELIEF**

**Section 301    Monetary Relief to Claimant**

A.    Within thirty (30) days of the Effective Date, Defendant will pay the total gross sum of sixty-eight thousand dollars ($68,000.00) to Baez (the "Payments").  The Payments will be sent via certified mail, return receipt requested, to Baez at the address to be provided by EEOC within five (5) days of the Effective Date.

B.    Thirty-four thousand dollars ($34,000.00) is designated as compensatory damages and interest on backpay.  Defendant will send Baez a check for this amount and, by January 31, 2021, will file and issue to Baez an IRS Form 1099 for such payment.

C.    Thirty-four thousand dollars ($34,000.00) is designated as back wages. Defendant will send Baez a check for this amount and, no later than January 2021, IRS FORM W-2.  Defendant will make all required withholdings from the portion of the Payments representing back wages for applicable federal, state, and local income taxes and the employee share of federal payroll taxes. Defendant will be responsible for (and may not deduct from the Payments to Baez) any tax obligation Defendant incurs as a result of the Payments, including the

employer's share of federal payroll taxes. Defendant will also issue to Baez a statement identifying the nature and amount of all withholdings.

D.   Defendant shall forward a copy of the Payments checks, withholdings statement, and IRS Forms to EEOC at the time they are issued to Baez.

## PART IV   MISCELLANEOUS PROVISIONS

### Section 401   Signatures

Each signatory to this Decree represents that (s)he is fully authorized to execute this Decree and to bind the parties on whose behalf (s)he signs.

### Section 402   Expenses, Attorneys' Fees, and Costs

Each Party shall bear its own expenses, attorneys' fees, and costs.

### Section 403   Enforcement of Decree

A.   If EEOC has notified Defendant in writing not less than fifteen (15) days in advance of the expiration of this Decree that Defendant is not in compliance with any sections of this Decree, Defendant's obligations under this Decree will remain in effect until EEOC determines that Defendant is in compliance.

B.   The Court will retain jurisdiction over this action for all purposes including, but not limited to, the entering of all orders, judgments, and decrees as necessary to implement the relief provided herein. Upon signature and approval by the Court, the matter may be administratively closed but will not be dismissed.

APPROVED IN FORM AND CONTENT:

For Plaintiff EEOC:

*Jeffrey Burstein*
Jeffrey Burstein
Regional Attorney
EQUAL EMPLOYMENT

OPPORTUNITY COMMISSION
New York District Office
33 Whitehall Street, 5th Floor
New York, New York, 10004

For Defendant:

Dr. Juan Tapia-Mendoza
PEDIATRICS 2000
3332 Broadway
New York, New York 10031

As to form:                                                    6·26·2020

Douglas E. Motzenbecker
GORDON & REES LLP
18 Columbia Turnpike – Suite 220
Florham Park, New Jersey 07932

SO ORDERED, ADJUDGED AND DECREED this 30th day of June, 2020.

Hon. Edgardo Ramos
United States District Judge



# EXHIBIT A

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
### New York District Office

This Notice is being posted as part of a Consent Decree, settling a lawsuit brought by the U.S. Equal Employment Opportunity Commission ("EEOC") against Pediatrics 2000 in Federal Court. In its lawsuit, EEOC alleged that Pediatrics 2000 discriminated on the basis of religion, failed to provide a religious accommodation, and engaged in retaliation.

Federal law prohibits employers from discriminating against or harassing employees and job applicants based on race, national origin, sex (including pregnancy, sexual orientation, and gender identity), religion, color, age, disability, or genetic information.  Employers are required to provide reasonable workplace accommodations due to religion, disability, or pregnancy, childbirth, or related medical conditions. Federal law also prohibits employers from retaliating against individuals who complain about or oppose discrimination or participate in any way in the processing of a complaint.

Pediatrics 2000 and its owners, managers, and supervisors will support and comply with Federal law prohibiting discrimination against any employee because of religion and will insure that no employee who asserts his or her rights under the law will suffer retaliation in any form. As part of the settlement, Pediatrics 2000:

1. Will not discriminate against employees based on religion, including the request for religious accommodations, or retaliate against any person who exercises his or her rights under Federal anti-discrimination laws;
2. Will maintain and distribute written policies and procedures prohibiting discrimination and retaliation, and allowing employees to request workplace accommodations;
3. Will provide training to all current and future employees on Federal anti-discrimination laws;
4. Will permit EEOC to monitor compliance with the Consent Decree;
5. Will provide EEOC periodic reports on its internal complaints of religious discrimination, retaliation, and requests for religious accommodations;
6. Will post and distribute this Notice; and
7. Will pay monetary damages to the employee alleging religious discrimination and retaliation.

Should you have a complaint of discrimination, retaliation, or a failure to accommodate, you may report it to any EEOC office throughout the United States, including the New York District Office, at:

**Equal Employment Opportunity Commission**
**33 Whitehall Street, 11th Floor, New York, New York 10004**
**(800) 669-4000     TTY: (800) 669-6820     www.eeoc.gov**

Dated:_____

**THIS IS AN OFFICIAL NOTICE AND MUST NOT BE ALTERED OR DEFACED BY ANYONE OR COVERED BY ANY OTHER MATERIAL**

This notice must remain posted for four (4) years from date shown above.  Any question concerning this Notice or compliance with its provision may be directed to the EEOC at the number listed above.